UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

COLBERT JEAN-LUBIN,

      Plaintiff,

- against -

THE CLOROX COMPANY; DON JAGODA
ASSOCIATES, INC; HORIZON & CO.,

      Defendants.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 30 2014 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION

**DECISION AND ORDER**
14-CV-5660 (WFK) (VVP)

**WILLIAM F. KUNTZ, II, UNITED STATES DISTRICT JUDGE:**

Plaintiff Colbert Jean-Lubin brings this *pro se* action for breach of contract and various other state law causes of action. Plaintiff has paid the requisite filing fee. For the reasons that follow, the Court dismisses the Complaint *sua sponte* for want of subject matter jurisdiction.

## BACKGROUND

Plaintiff, a New York resident, brings this action against the Clorox Company ("Clorox"), located in Oakland, California, Don Jagoda Associates, Inc. ("Jagoda"), located in Melville, New York, and Horizon Co. ("Horizon"), located in Toronto, Canada. Plaintiff states that in July 2008, Clorox and Jagoda informed him that he was the sweepstakes winner for a trip to the Galapogos Islands worth $26,000. *See* Dkt. 1 ("Compl."), at ¶ 5 and Ex. A. However, Plaintiff never received his trip. He now brings state law claims against Defendants for breach of contract, negligence, negligent infliction of emotional distress, loss of consortium, and lost wages. Plaintiff seeks five million dollars in damages. Compl. ¶ 24.

1

## DISCUSSION

Although Plaintiff is proceeding *pro se,* and his Complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), he still must establish that the court has subject matter jurisdiction over his action, *see, e.g., Rene v. Citibank NA,* 32 F.Supp.2d 539, 541–42 (E.D.N.Y. 1999) (Spatt, J.) (dismissing *pro se* complaint for lack of subject matter jurisdiction). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte,* regardless of whether a plaintiff has paid the filing fee. *See Henderson ex rel. Henderson v. Shinseki,* ---U.S. ----, ----, 131 S.Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *see also Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 363–364 (2d Cir. 2000). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont,* 565 F.3d 56, 62–63 (2d Cir. 2009).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to § 1331, or where there is diversity jurisdiction pursuant to § 1332. *Moore v. Angiuli & Gentile, LLP,* 12-CV-2966, 2012 WL 3288747, at *2 (E.D.N.Y. Aug. 9, 2012) (Irizarry, J.). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh,* 546 U.S. at 513 (citing *Bell v. Hood,* 327 U.S. 678, 681–85 (1946)). "Diversity jurisdiction exists where there is complete diversity of citizenship between the parties and the amount in controversy

exceeds the sum or value of $75,000, exclusive of costs or interest." *Moore*, 2012 WL 3288747, at *2 (citing 28 U.S.C. § 1332(a)).

"The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantine*, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted). Furthermore, "[i]t is axiomatic that, for diversity jurisdiction to be available, all of the adverse parties in a suit must be completely diverse with regard to citizenship." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Lastly, the Supreme Court has recently clarified the law on corporate citizenship for purposes of diversity jurisdiction and held that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (adopting the "nerve center" test for the "principal place of business" analysis).

Here, both Plaintiff and Defendant Jagoda are pled in the Complaint as citizens of New York, and thus diversity of citizenship is lacking. The Complaint states that Jagoda is "a New York based Company with its principal place of business located at 100 Marlus Drive Melville, New York, 11747." Compl. ¶ 3. Plaintiff pleads that he is a resident of Queens and provides no other information relating to his citizenship. Compl. ¶ 1. The Complaint exclusively alleges state law causes of action and therefore also fails to present a federal question under § 1331.

## CONCLUSION

Accordingly, the Complaint is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Although Plaintiff paid the filing fee to bring this action, if he requests *in forma pauperis* status for any appeal, the Court certifies pursuant to 28 U.S.C. §

1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to close this action.

**SO ORDERED.**

/S/ Judge William F. Kuntz, II
WILLIAM F. KUNTZ, II
United States District Judge

Dated: September 30, 2014
    Brooklyn, New York